UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v.<br><br>Michele Fiore<br><br>Defendant | 2:24-cr-155-JAD-DJA<br><br>ORDER REGARDING<br>PRETRIAL PROCEDURE |

**I.   PRETRIAL MOTIONS, NOTICE OF DEFENSE, AND CERTIFICATION OF TIMELINESS:**

   A.   Each party has 30 calendar days from the date of this order to file and serve any and all pretrial motions and notices of defense.  See LCR 12-1.

   B.   Responses to such motions must be filed and served within 14 calendar days from the date of service of the motion.

   C.   A reply brief may be filed and served within 7 calendar days from the date of service of the response and may only address arguments made in response to the motion.

   D.   Pretrial motions, responses, and replies must be accompanied by a statement certifying that the document is being filed timely.  The Certification Statement must be clearly labeled and set forth separately as an opening paragraph on any such document.

**II.   DISCOVERY:**

   A.   Disclosure obligations and dispute resolution are governed by Local Rule of Criminal Practice 16-1.

   B.   At the time of arraignment, the parties must advise the court whether they deem the case to be complex or non-complex.

   C.   <u>Disclosure Order</u>.  Under federal law, including Rule 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions from the Supreme Court and the Ninth Circuit interpreting *Brady*, the government has a

continuing obligation to produce all information or evidence known to the government relating to guilt or punishment that might reasonably be considered favorable to the defendant's case, even if the evidence is not admissible, so long as it is reasonably likely to lead to admissible evidence. *See United States v. Price*, 566 F.3d 900, 913 n.14 (9th Cir. 2009). Accordingly, the Court orders the government to produce to the defendant in a timely manner all such information or evidence.

Information or evidence may be favorable to the defendant's case if it either may help bolster the defendant's case or impeach a prosecutor's witness or other government evidence. If doubt exists, it should be resolved in favor of the defendant with full disclosure being made.

If the government believes that a required disclosure would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, the government may apply to the Court for a modification of the requirements of this Disclosure Order, which may include *in camera* review or withholding or subjecting to a protective order all or part of the information.

This Disclosure Order is entered under Rule 5(f) and does not relieve any party in this matter of any other discovery obligation. The consequences for violating either this Disclosure Order or the government's obligations under *Brady* include, but are not limited to, contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges. Nothing in this Disclosure Order enlarges or diminishes the government's obligation to disclose information and evidence to a defendant under *Brady*, as interpreted and applied under Supreme Court and Ninth Circuit precedent. As the Supreme Court noted, "the government violates the Constitution's Due Process Clause 'if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment.'" *Turner v. United States*, 137 S. Ct. 1885, 1888 (2017) (quoting *Smith v. Cain*, 565 U.S. 73, 75 (2012)).

D. <u>Cases Deemed Non-Complex</u>. The parties must confer and cause to be filed either a Joint Discovery Agreement or a Government Disclosure Statement within 7 days

following arraignment. Thereafter, disclosure obligations will be governed by the terms set forth in that filed document or any subsequent court order.

   E. <u>Cases Deemed Complex</u>. The parties must confer for the purpose of developing a Proposed Complex Case Schedule within 7 days following arraignment. Within 7 days after that conference, the parties must cause to be filed a Proposed Complex Case Schedule addressing the factors set forth in Local Rule of Criminal Practice 16-1(a)(2). Thereafter, the Court will resolve any disputed issues and enter an order setting the Complex Case Schedule that will govern the parties' disclosure obligations.

**III.** <u>**EXPERT DISCLOSURES:**</u> The parties must make the expert disclosures required by Federal Rule of Criminal Procedure 16(a)(1)(G) and 16(b)(1)(C). The government's expert disclosures must be filed no later than 60 days before trial and must be accompanied by a certification of the government's compliance with amended Federal Rule of Criminal Procedure 16(b)(1)(C). Defendant's expert disclosures must be filed no later than 14 days after the government's. The government's rebuttal expert disclosures, if any, are due 21 days later. Motions challenging an expert under Federal Rule of Evidence 702, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), or on any other ground are due no later than 14 days after the challenged expert disclosure is filed. Responses to such motions are due within 14 days, and any replies are due 7 days later.

**IV.** <u>**EVIDENCE DISPLAY:**</u> Counsel wishing to utilize the Court's evidence-display equipment must contact the courtroom deputy at least 7 days in advance of the trial to determine its availability and to arrange for training.

**V.** <u>**TRIAL BRIEFS:**</u> At least 7 days before trial, government counsel must submit a copy of the government's trial brief (marked confidential) to the trial judge. The original of the government's trial brief must be filed in open court and a copy served upon defense counsel on the date of trial prior to trial commencement. Defense counsel may file a trial brief, which must be filed and served on government counsel before the defense commences its case.

**VI.** <u>**VOIR DIRE QUESTIONS:**</u> Proposed *voir dire* questions must be filed and served at least 7 days before trial.

**VII.   JURY INSTRUCTIONS:** Proposed jury instructions must be filed and served at least 7 days before trial.

**VIII.   PLEA NEGOTIATIONS:** Any and all plea negotiations must be accomplished, and any plea agreement arrived at must be reduced to writing and presented to the Court, at or prior to the time set for calendar call. Thereafter, the change of plea hearing will be set at the Court's convenience.

**IX.   SPEEDY TRIAL REQUIREMENTS:** The United States Attorney and defense counsel are hereby notified that no continuances or extensions will be granted for any reason unless a motion or stipulation is submitted that contains a recital of the appropriate exclusion provision of the Speedy Trial Act. In addition, the motion or stipulation must be accompanied by a proposed order granting the continuance or extension setting forth findings as to excludable time and declaring excludable time. All requests for continuances or extensions that do not comply with this order will be stricken.

The date of the clerk's file mark constitutes the date of this order.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE