IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Crim. No. 2:24-00155-JAD-DJA |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| **MICHELE FIORE** | ) | |

**STIPULATION FOR A PROTECTIVE ORDER**

  The United States, by and through Dahoud Askar and Alexander Gottfried, Trial Attorneys, U.S. Department of Justice, Criminal Division counsel for the United States of America, and defendant, by and though the undersigned counsel, moves this Court, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, to issue the attached proposed protective order governing discovery in this matter.

  The Government plans to imminently provide to the defendant discovery that meets and exceeds its obligations pursuant to Rule 16 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3500, *Giglio v. United States*, 405 U.S. 150 (1972), *Brady v. Maryland*, 373 U.S. 83 (1963), and this Court's Order for Discovery and Inspection. For example, the Government intends to provide the defendants with law enforcement agency interview reports that may contain personal identifying information or other confidential information. Much of the material the Government intends to produce—including the material that exceeds the Government's discovery obligations—consists of sensitive information regarding witnesses, such as personal identifiers, addresses, and phone numbers; private financial information; and confidential and sensitive information

1

developed through investigations of law enforcement and the use of the grand jury. *See, e.g.*, *Douglas Oil v. Petrol Stops Nw.*, 441 U.S. 211, 218, 219-22 (1979) (discussing the policies underlying grand jury secrecy requirements and noting that they remain in effect after the grand jury's proceedings conclude).

A trial court "can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the material which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969). Federal Rule of Criminal Procedure 16(d)(1) permits a court to deny, restrict, or defer pre-trial discovery where appropriate. *See* Fed R. Crim. P. 16(d)(1). The government does not seek to delay, deny, or restrict the disclosure of information to the defense. The government seeks only to facilitate discovery, while protecting against the improper disclosure or use of a certain sensitive information.

Accordingly, the Government, in consultation with the defendant, respectfully requests that a protective order be entered governing the use that can be made of all discovery material that the Government provides to the defendant in this case.

Such material will be handled pursuant to the procedures outlined in the proposed order submitted contemporaneously to the Court, and that material may only be disclosed or disseminated in accordance with the proposed order, unless and until that order is modified by the Court.

                        Respectfully submitted,

| | |
|---|---|
| COREY R. AMUNDSON | _/s/___Michael Sanft_____ |
| Chief, Public Integrity Section | Michael Sanft |
| U.S. Department of Justice | Counsel for Michele Fiore |

_/s/Dahoud A. Askar_____

2

Dahoud Askar & Alexander Gottfried
Trial Attorneys

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for the defendants.

Dated: July 25, 2024                              /s/   Dahoud Askar
                                                  Trial Attorney
                                                  Public Integrity Section
                                                  Criminal Division
                                                  U.S. Department of Justice