Michael W. Sanft (8245)
**SANFT LAW**
411 E. Bonneville Ave., Suite 360
Las Vegas, Nevada 89101
(702) 497-8008 (office)
(702) 297-6582 (facsimile)
michael@sanftlaw.com
*Attorney for Defendant Michele Fiore*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>MICHELE FIORE,<br><br>      Defendant. | Case No. 2:24-cr-0155-JAD-DJA<br><br>**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE GOVERNMENT'S INTENDED USE OF EVIDENCE IDENTIFIED IN ITS 404(b) NOTICE** |

This Motion is filed timely.

**I.    INTRODUCTION**

On August 20, 2024, the Government filed under seal a notice of its intent to use 404(b) evidence it believes would demonstrate that Defendant Michele Fiore had engaged in a "pattern of fraud" for hundreds of thousands of dollars for years prior.

On July 16, 2024, an indictment was filed charging Ms. Fiore with one count of Conspiracy to Commit Wire Fraud, and four counts of Wire Fraud. ECF No. 1. Notably, the indictment was filed on the fifth year from Count Two of the Indictment.

Ms. Fiore pled not guilty to the Indictment, and invoked her right to a speedy trial at her initial appearance and arraignment on July 19, 2024. Ms. Fiore's jury trial is set for September 24, 2024. ECF No. 18. The Government has since filed a superseding indictment adding two

additional counts, and that arraignment and plea is currently set for September 9, 2024. ECF No. 27.

The Government allege that Ms. Fiore used money donated to a charity and a political action committee she controlled for a statue of a police officer killed in the line of duty for her personal use. The statue was built and was unveiled to the public on January 31, 2020.

The Government now wants to introduce information to the jury that it believes will show that Ms. Fiore had been engaging in fraud for years prior to the allegations in the Superseding Indictment, and to the sum of hundreds of thousands of dollars.

However, the reasons opposing the Government's desire to introduce FRE 404(b) evidence require a further understanding of the timeline of events that lead up to the filing of the indictment.

**1.    The Government failed to file charges when they had evidence of a potential crime.**

On the morning of January 27, 2021, the FBI entered Ms. Fiore's home with a warrant and spent the next several hours combing through Ms. Fiore's home and personal possessions. They eventually left with electronics like phones and laptop computers, as well as physical items such as binders and bags of receipts. *See* Exhibit A, a true and correct copy of the Receipt for Property dated January 26, 2021.

The FBI was investigating how Ms. Fiore was using funds from her election campaign account and her political action committee account, suspecting that funds were used for her personal expenses. To demonstrate they had the requisite probable cause for a search warrant, the FBI represented to Magistrate Ferenbach that it had pulled the bank records for both the campaign and the PAC, and had special agents, support technicians, and forensic accountants analyze them. *See* Exhibit B, a true and correct copy of the Application for Search Warrant, dated January 21, 2021. These bank records assumedly were from the opening of the campaign account in July 2015, and the PAC in February 2017.

The local United States Attorney's office generates a number for each grand jury it begins. The number starts with the year of the grand jury starts, followed by the letter "R", then the assigned grand jury number. Upon information and belief, the last number separated with a dash is

the number of the next grand jury subpoena issued in sequential order. The number for this case is 2019R01379. Attached is the grand jury subpoena for Ms. Fiore's campaign account, assigned number 2109-01379-039. *See* Exhibit C, a true and correct copy of the Fiore For Nevada Campaign grand jury subpoena dated January 22, 2021. Ms. Fiore was formerly assigned a grand jury by the United States Attorney's office in 2019, but yet was indicted in July 2024.

Also note that at the time of the search warrant in 2021, the FBI was focused on campaign funds and PAC funds. They did not identify the charity that the Government now uses as the main focal point of the Superseding Indictment, even though it was created in 2019.

In the 88,645 pages of discovery thus produced, there are charts documenting the improper use of campaign and/or PAC funds for rent and other personal expenses. These charts were created by the FBI in 2021. They located the information they wanted to find.

So why would the Government not indict when it discovered evidence of the very thing it was looking for?

## II.     ARGUMENT

**1.     The noticed evidence is inadmissible under Rule 404(b).**

Federal Rule of Evidence 404 is "a specific qualification of the general rule of the admissibility of all relevant evidence."[1] This rule "renders inadmissible evidence of a person's general character if used to show propensity or proclivity."[2] Character evidence, after all, "is of slight probative value and may be very prejudicial," because it "distract[s] the trier of fact from the main question of what actually happened on the particular occasion."[3] "It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened."[4]

---

[1] *United States v. Curtin*, 489 F.3d 935, 943 (9th Cir. 2007) (en banc).

[2] *Id.*

[3] *Id.* at 944 (cleaned up).

[4] *Id.* (cleaned up).

Rule 404(b), which addresses evidence of other acts, "deals with a specialized but important application of the general rule excluding circumstantial use of character evidence."[5] Other acts evidence is inadmissible "to prove character as a basis for suggesting the inference that conduct on a particular occasion was in conformity with it."[6] It is admissible only if it is offered for another purpose, such as proof of "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[7] Other acts evidence may be used to prove these purposes only if it (1) tends to prove a material point in issue; (2) is not too remote in time; (3) is proven with evidence sufficient to show that the act was committed; and (4) is similar to the offense charged.[8] The government has the burden of proving the evidence satisfies these requirements.[9]

The Government here seeks to introduce evidence of Ms. Fiore's previous financial transactions before the event regarding the statue. The key allegation to the Government's case is that Ms. Fiore specifically requested money, promising that one hundred percent would be used for the statue. None of the other acts the Government want to introduce show the level of similarity needed to introduce such potentially prejudicial evidence at trial.

**2.    Rule 403 prohibits the introduction of this evidence.**

Even if the evidence satisfies Rule 404(b), this Court must still "decide whether the probative value is substantially outweighed by the prejudicial impact under Rule 403."[10] Rule 403 plays an "important role" in this context.[11] Other acts evidence carries "the inherent potential" for a jury "to see the defendant simply as a bad person and then to convict because of who he is rather

---

[5] *Id.* (cleaned up).

[6] *Id.* (cleaned up).

[7] Fed. R. Evid. 404(b)(2).

[8] *United States v. Beckman*, 298 F.3d 788, 794 (9th Cir. 2002).

[9] *United States v. Lague*, 971 F.3d 1032, 1038 (9th Cir. 2020).

[10] *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002).

[11] *United States v. Wells*, 879 F.3d 900, 924 (9th Cir. 2018).

than what he did."[12] Thus, a stringent Rule 403 inquiry is of "critical importance" in protecting "a defendant's right to a fair trial."[13] This stricter test demands that "where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury."[14] There is a significant risk of unfair prejudice here.

### III.   CONCLUSION

For these reasons, this Court should prohibit the government from introducing the referenced other acts evidence.

Dated: September 3, 2024.

                                             MICHAEL SANFT, ESQ.
                                             SANFT LAW

                                By:   */s/ Michael Sanft*

                                             MICHAEL SANFT
                                             SANFT LAW
                                             *Attorney for Michele Fiore*

---

[12] *Curtin*, 489 F.3d at 957.

[13] *Id.*

[14] *Preston*, 873 F.3d at 841.