CLARK HILL PLLC
PAOLA M. ARMENI
Nevada Bar No. 8357
Email: parmeni@clarkhill.com
TIFFANY SOLARI
Nevada Bar No. 16003
Email: tsolari@clarkhill.com
1700 South Pavilion Center Drive, Suite 500
Las Vegas, Nevada 89135
Tel: (702) 862-8300

Attorneys for Defendant, Michele Fiore

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHELE FIORE,<br><br>Defendant. | CASE NO. 2:24-cr-00155-JAD-DJA<br><br>**DEFENDANT MICHELE FIORE'S MOTION TO CONTINUE THE DEADLINES FOR POST-TRIAL MOTIONS AND SENTENCING DATE (SECOND REQUEST)** |

Defendant Michele Fiore moves this Honorable Court to continue the deadlines for filing post-trial motions and the sentencing date for at least 60 days. This request is made for two reasons. First, as of the filing of this Motion, counsel has only been provided Day 1 and Day 3 of the trial transcripts, thus counsel has not been able to review and analyze Days 2, 4-8. Second, the discovery in this matter is voluminous. Although counsel has been able to review a substantial portion of the discovery, there is still additional discovery that needs to be analyzed.

On November 27, 2024, counsel contacted the Government seeking a stipulation to extend the deadlines and sentencing hearing date. The Government advised they would not stipulate and would be opposing counsel's request.[1]

The failure to grant this Motion, will result in ineffective assistance of counsel as counsel will be unable to effectively represent Ms. Fiore in post-trial matters. Counsel was not trial counsel

---

[1] See Declaration of Paola M. Armeni, Esq.

CLARKHILL\M9636\503106\279796425.v1-12/3/24

and therefore is unable to ascertain any issues for post-trial motions and mitigating factors for sentencing without a thorough review of the discovery and more importantly the trial transcripts.

For these reasons, Ms. Fiore requests that this Court grant her Motion and extend the current deadlines by 60 days and continue the sentencing hearing for 60 days.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF RELEVANT FACTS

On October 31, 2024, this Court granted Ms. Fiore's first Motion to Continue Deadlines and Sentencing Date.[2] Within that Order, the Court recognized that the "transcripts are necessary for preparation."[3] The Court also indicated that the "defense counsel's file and court docket were readily available now."[4]

While the docket was in fact available, not all relevant documents were included on the docket. For instance, the Government's trial brief was not on the docket. At defense counsel's request, the trial brief was provided on November 1, 2024.[5] Additionally, counsel picked up several boxes from trial counsel's office on October 16, 2024.[6] It was learned on October 24, 2024, that the boxes did not include Ms. Fiore's full file.[7] Absent from those boxes was the discovery.[8] On October 24, 2024, counsel made the request for the full discovery.[9] On October 28, 2024, counsel received a drop box link with the discovery.[10] Likewise on November 4, 2024, counsel again contacted trial counsel's office regarding audio recordings.[11] Although the audio

---

[2] Dkt. 84.
[3] *Id.*
[4] *Id.*
[5] See Declaration of Paola M. Armeni, Esq.
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] See Declaration of Paola M. Armeni, Esq.

recordings were in the drop box, several were unable to play from the drop box and required the original discs.[12] Those discs were not originally provided to counsel's office.[13] On November 6, 2024, the discs were picked up.[14]

On October 18th and October 20th, counsel received Day 1 and Day 3 of the trial transcripts.[15] On November 25, 2024 counsel emailed the court reporter for a status of the remaining trial transcripts.[16] On December 2, 2024, counsel was advised that she would have the transcripts "at most another two weeks, although it largely depends on what hearings/trials I'm required to cover for the courthouse. I will have Day 2 to you tomorrow at the latest."[17]

Post-trial motions are currently due on December 16, 2024. This is the same "approximate" day that counsel may receive the outstanding trial transcripts.

## II.

## LEGAL ARGUMENT

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence.[18] The Sixth Amendment extends to various "critical" stages of the prosecution including sentencing[19] and motions for new trial.[20] In determining whether the Sixth Amendment attaches, the United States Supreme Court has enumerated several factors. First, if failure to pursue strategies or remedies results in a loss of

---

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] As of the filing of this Motion, Day 2 has not yet been received.

[18] U.S. CONST. amend. VI.

[19] *Mempa v. Rhay,* 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967).

[20] *Menefield v. Borg,* 881 F.2d 696, 698 (9th Cir. 1989)(holding an effective motion for a new trial ordinarily requires a lawyer's understanding of legal rules and his experience in presenting claims before a court. The presence of trained counsel at this stage insures that the most favorable arguments will be presented and "that the accused's interests will be protected consistently with our theory of criminal prosecution." citing *United States v. Wade,* 388 U.S. 218, 227 1967).

CLARKHILL\M9636\503106\279796425.v1-12/3/24

significant rights, then Sixth Amendment protections attach.[21] Second, where skilled counsel would be useful in helping the accused understand the legal confrontation, a critical stage exists. Third, the right to counsel applies if the proceeding tests the merits of the accused's case.[22]

In *Strickland v. Washington*,[23] the Supreme Court established a two-prong test for determining ineffective assistance of counsel: (1) That their trial lawyer's conduct fell below an "objective standard of reasonableness" and, (2) "a reasonable probability that, but for counsel's unprofessional errors," the outcome of the criminal proceeding would have been different. Courts have acknowledged possible ineffective assistance of counsel in cases where defense counsel was not prepared for sentencing[24] and failed to file a motion for new trial.[25]

In addition to Supreme Court precedent and the United States Constitution, the Nevada Rules of Professional Conduct require an attorney to provide competent representation which includes thoroughness and preparation reasonably necessary for representation.[26]

Post-trial motions are due on December 16th, the same time in which counsel may receive the remaining trial transcripts. As such, counsel cannot provide competent representation to her client without the time to review and analyze trial transcripts and finish review of discovery. Additionally, without a thorough review of the discovery and more importantly the trial transcripts, it is impossible to pursue strategies or test the merits of Ms. Fiore's case as is required pursuant to her Sixth Amendment right to counsel.

---

[21] *Mempa v. Rhay*, 389 U.S. at 135, 88 S.Ct. at 257.

[22] *United States v. Ash*, 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973).

[23] 466 U.S. 668 (1984).

[24] *Marshall v. Cathel*, 428 F.3d 452, 465-71 (3d Cir. 2005) (counsel's lack of preparation for sentencing was ineffective assistance).

[25] *United States v. McGowan*, No. CR 07-00113 MMM, 2013 WL 12368726, at *2 (C.D. Cal. Aug. 9, 2013)(Ninth Circuit dismissed McGowan's claim that trial counsel had been ineffective in not making a motion for new trial without prejudice, noting that it generally did not review claims of ineffective assistance on direct appeal, and that the exceptions it recognized to that rule did not apply in McGowan's case. The court noted that McGowan could renew the argument in a proceeding under 28 U.S.C. § 2255.)

[26] N.R.P.C. 1.1

While counsel understands the need to move this case forward, counsel did not have the benefit of sitting through the trial. Now, counsel also does not have the benefit of the trial transcripts. Counsel's hands are tied as she does not control how promptly trial transcripts are prepared. Counsel upon being appointed requested the trial transcripts on an expedited basis.[27] However, that request could not be fulfilled due to other obligations outside the control of counsel. It is perplexing that the Government wants to force defense counsel to either not file post-trial motions or file post-trial motions that are not supported with facts allowing Ms. Fiore a clear ineffective assistance of counsel claim on appeal. While they are certainly entitled to their opposition, Ms. Fiore prays that this Court recognize the predicament defense counsel finds herself and grants the Motion.

## II.

## CONCLUSION

For the foregoing reasons, Ms. Fiore respectfully requests that this Court extend the deadline dates for filing post-trial motions by at least 60 days. Additionally, it is requested that the sentencing date also be continued by 60 days from its current date of March 10, 2025, establishing a new sentencing date of May 9, 2025, or at a date and time more convenient to the Court.

Dated this 3rd day of December, 2024.

CLARK HILL PLLC

PAOLA M. ARMENI
Nevada Bar No. 8357
TIFFANY SOLARI
Nevada Bar No. 1600
1700 South Pavilion Center Drive, Suite 500
Las Vegas, Nevada 89135
Tel: (702) 862-8300
Attorneys for Defendant, Michele Fiore

---

[27] See Declaration of Paola M. Armeni, Esq.

CLARKHILL\M9636\503106\279796425.v1-12/3/24

## DECLARATION[28] OF PAOLA M. ARMENI, ESQ.

I, Paola M. Armeni, Esq., declare as follows:

1. I am an attorney licensed to practice law in the State of Nevada.

2. I am a Partner at Clark Hill PLLC and represent Michele Fiore in the case titled *United States of America vs. Michel Fiore*, Case No.: 2:24-cr-00155-JAD-DJA.

3. On October 10, 2024, I was appointed as lead counsel for Ms. Fiore.

4. On October 16, 2024, I submitted a request for trial transcripts on a 3 day expedited basis.

5. On October 16, 2024, my office picked up Ms. Fiore's file from trial counsel's office. After reviewing the contents of the boxes, I learned that no discovery was included in the boxes.

6. On October 18th and 20th, I received Day 1 and Day 3 of the trial transcripts.

7. On October 24, 2024, I emailed trial counsel about the discovery in the case. On October 28, 2024, I was emailed a link to a drop box with the discovery.

8. I have reviewed the docket in this case. In reviewing the docket, I realized that the Government's trial brief was not filed.

9. On November 1, 2024, I emailed the Government requesting a copy of the trial brief. They provided a copy that day.

10. On November 4, 2024, I emailed trial counsel's office and inquired specifically about discovery discs including audio interviews and whether those were included in the drop box. I was advised that although they were in the drop box, several of the audio files would not play and we need to play them from the discs themselves. We did not have those discs.

11. On November 5, 2024, my office picked up the discs.

12. On November 25, 2024, I emailed Amber McClane regarding the status of the trial transcripts.

13. On November 27, 2024, I emailed Government counsel and advised them that to date I had only received Day 1 and 3 of the trial transcripts. I asked them to stipulate to an extension of the deadlines because I still did not have all the trial transcripts and we were still reviewing discovery.

---

[28] Pursuant to NRS 53.045, any matter whose existence or truth may be established by an affidavit or other sworn declaration may be established with the same effect by an unsworn declaration of its existence or truth signed by the declarant under penalty of perjury, and dated, in substantially the following form.

CLARKHILL\M9636\503106\279796425.v1-12/3/24

1. They advised that they would not stipulate and would be opposing my request.

14. On December 2, 2024, Ms. McClane advised me that she anticipates have the remaining trial transcripts to me "at most another two weeks, although it largely depends on what hearings/trials I'm required to cover for the courthouse. I will have Day 2 to you tomorrow at the latest."

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 3rd day of December, 2024.

PAOLA M. ARMENI

# CERTIFICATE OF SERVICE

The undersigned, an employee of Clark Hill PLLC, hereby certifies that on the 3rd day of December, 2024, I served a copy of the **DEFENDANT MICHELE FIORE'S MOTION TO CONTINUE THE DEADLINES FOR POST-TRIAL MOTIONS AND SENTENCING DATE (SECOND REQUEST)**, via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

Alexander Byrne Gottfried    alexander.gottfried@usdoj.gov

Dahoud Askar    Dahoud.Askar@usdoj.gov, heather.depremio2@usdoj.gov

_____
An employee of CLARK HILL PLLC

CLARKHILL\M9636\503106\279796425.v1-12/3/24