COREY R. AMUNDSON
Chief, Public Integrity Section
Criminal Division
U.S. Department of Justice
DAHOUD ASKAR
Trial Attorney, Public Integrity Section
1301 New York Ave. NW, 10th Fl.
Washington, DC 20005
202-368-1667
Email: Dahoud.Askar@usdoj.gov
ALEXANDER GOTTFRIED
Trial Attorney, Public Integrity Section
1301 New York Ave. NW, 10th Fl.
Washington, DC 20005
202-615-1286
Email: Alexander.Gottfried@usdoj.gov
*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHELE FIORE,<br><br>Defendant. | Case No. 2:24-cr-00155-JAD-DJA<br><br>**Government's Opposition to Defendant's Third Motion to Continue Deadlines and Sentencing Date (ECF No. 85)** |

Comes now the United States of America, by and through Corey Amundson, Chief, United States Department of Justice, Public Integrity Section, and Alexander Gottfried and Dahoud Askar, Trial Attorneys, and responds to the defendant's third Motion to Continue the Deadlines for Post-Trial Motions and Sentencing Date. The government does not oppose a modest extension of the post-trial motions deadline, but opposes any further extension to the March 10, 2025, sentencing hearing.

1

Procedural Background

On July 16, 2024, a grand jury in the District of Nevada indicted the defendant on one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and four counts of wire fraud, in violation of 18 U.S.C. § 1343. (ECF No. 1.) On July 19, the defendant made her initial appearance, where the case was designated as non-complex and jury trial was set for September 24, two months later. (ECF No. 9.) Speaking to the press outside the courthouse after the hearing, the defendant expressed her desire for a trial at the earliest possible date. "There will be no continuances," the defendant was reported as saying. "We want this now and we want this over."[1]

On August 20, 2024, the grand jury returned a superseding indictment charging the defendant with two additional counts of wire fraud. (ECF No. 20.) Notwithstanding the new charges, the defendant continued to invoke her right to a speedy trial and maintained that she would be ready to proceed on September 24 as scheduled. (ECF No. 41.) On October 3, following an eight-day jury trial (which included three and a half days of testimony from government witnesses), the jury returned guilty verdicts against the defendant on all charges. (ECF No. 68.) A sentencing hearing was initially set for January 6, 2025. (Id.)

On October 9, 2024, defendant's trial counsel withdrew from the case and current counsel was appointed. (ECF Nos. 78, 79.) On October 15, defense counsel moved to continue the sentencing date, as well as the deadline to file post-trial motions, for at least 60 days. (ECF No. 80.) The government did not file an opposition but stipulated to a 30-day extension of the post-trial motions deadline and deferred to the court on the sentencing date. On October 18, after the post-trial motions deadline and before any ruling on the original

---

[1] See Exhibit A, https://www.fox5vegas.com/2024/07/19/live-ex-las-vegas-councilwoman-pleads-not-guilty-alleged-charity-scheme/

motion, the defendant filed a second request for a continuance, asking for an extension of at least 90 days for the motions deadline and sentencing date. (ECF No. 81.)

On October 31, the Court granted the defendant's original request for a 60-day extension of the motions deadline and sentencing date but denied her request for a 90-day extension, resulting in the current motions deadline of December 16, 2024, and current sentencing date of March 10, 2025. (ECF No. 84.) The Court noted in its order that "the entire history of this case is little more than 60 days long as Fiore exercised her right to a speedy trial and this case was tried on its original trial setting." (Id. at 1.) On December 3, 2024, the defendant filed a third motion to continue the post-trial motions deadline and sentencing date, asking for another 60-day extension of both dates and a sentencing date no earlier than May 9, 2025. (ECF No. 85.) As indicated in the defendant's motion, the government opposes this request.

<u>Argument</u>

There were 67 days between when trial counsel entered his appearance in this case on July 19 and when trial began on September 24. During this time, he was able to review the "voluminous" discovery provided by the government, conduct his own investigation into the facts, and prepare a constitutionally effective defense. There will also be 67 days from when current counsel was appointed on October 9 and the current post-trial motions deadline on December 16. There will be *151* days – five months – between when current counsel was appointed and the current sentencing date on March 10, 2025. That is more than enough time for counsel to prepare an effective sentencing argument. This is not a complex case. There is no valid reason that counsel should require another 60 days – more than three times as much time to prepare for sentencing as the defendant needed to prepare for a jury trial in this matter.

3

The defendant's argument for an extension rests on the fact that she has not yet received all of the transcripts from the September jury trial. It should be noted that by her own recounting of the facts, defense counsel waited six weeks after requesting expedited transcripts on October 16 to check on the status of those transcripts. In any event, she is in possession of partial transcripts and is likely to receive the complete transcripts in short order. Moreover, as the Court noted in its previous order, trial transcripts "are only a fraction of the overall picture, which includes defense counsel's file and this court's docket—both of which are readily available now." (ECF No. 84.) By her recounting, defense counsel began receiving discovery in this case on October 16 and has apparently had complete discovery since at least November 5. (ECF No. 85.) The defendant herself has had discovery since July and was present for the entirety of the jury trial. She will also have another three months to prepare and review discovery before she is scheduled to be sentenced in March 2025.

The defendant cannot use her change of counsel to indefinitely delay her sentencing. The defendant is out of custody with relatively few conditions or restrictions on her liberty. The defendant is likely to face a Sentencing Guidelines range that recommends a significant period of incarceration. The defendant previously demanded a speedy trial, which was her right. Now that she has been convicted, she has repeatedly sought to delay her sentencing. She has already been granted a continuance which will allow her counsel more than enough time to prepare for sentencing. The speedy disposition of criminal cases is in the interest of the public as well as the defendant. *See, e.g.*, *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997) ("[T]he right to a speedy trial belongs not only to the defendant, but to society as well.") It is in the public interest that the defendant be sentenced on March 10 as currently scheduled.

DATED this 4th day of December.

Respectfully submitted,

COREY R. AMUNDSON
Chief, Public Integrity Section
U.S. Department of Justice

_/s/_____

Alexander Gottfried and Dahoud Askar
Trial Attorneys

5