ANTOINETTE BACON
Supervisory Official, Criminal Division
U.S. Department of Justice
DAHOUD ASKAR
Trial Attorney
1301 New York Ave. NW
Washington, DC 20005
202-368-1667
Email: Dahoud.Askar@usdoj.gov
ALEXANDER GOTTFRIED
Trial Attorney
1301 New York Ave. NW
Washington, DC 20005
202-615-1286
Email: Alexander.Gottfried@usdoj.gov
*Attorneys for the United States*

*Representing the United States of America*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

|  |  |
|---|---|
| **United States of America,** | Case No. 2:24-cr-115-JAD |
| Plaintiff, | **Government's Response to Defendant's Motions to Seal Exhibits (ECF Nos. 101, 106, 113)** |
| v. |  |
| **Michele Fiore,** |  |
| Defendant. |  |

On January 31, 2025, the defendant filed a Motion for New Trial and a Motion to Seal Portions of Motion for New Trial and Exhibits in Support of Motion. (ECF Nos. 97, 101.) The government opposed the Motion for New Trial but deferred to the Court on the motion to seal the attached exhibits. (ECF Nos. 103, 104.) On February 21, 2025, the defendant replied to the government's response to its motion for a new

trial, and also moved to seal an exhibit in support of that reply. (ECF Nos. 105, 106.)[1] On February 26, 2025, the Court ordered the government to respond to the defendant's original motion to seal exhibits. (ECF No. 111.) It does so here.

After careful analysis under the "compelling reasons" standard articulated in *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), the government agrees with the defendant that the attached exhibits should be sealed. The exhibits are a wide-ranging collection of materials relating to investigations involving the defendant dating back to 2018. One of the documents is a grand jury transcript, which is among the categories of documents that have "traditionally been kept secret for important policy reasons." *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989). The other materials include reports and recordings of interviews, reporting from confidential human sources, internal FBI documents justifying physical and electronic surveillance, and a summary of derogatory *Giglio* information about the government's trial witnesses.

Many of the defendant's exhibits relate little, if at all, to the charges in this case; in fact, some were generated before the offense conduct even occurred. Even where the materials are related to the merits of the case, compelling reasons exist to prevent public disclosure. Some documents reveal sensitive information about law enforcement techniques and methods. Other documents contain derogatory, often unverified, information about individuals who are not criminally charged, which

---

[1] The defendant inadvertently failed to file the exhibit in question, and thus renewed her motion to seal at the direction of the Court after filing the exhibit on February 26, 2025. (ECF No. 113.)

could tend to "circulate libelous statements" or "promote public scandal." *Nixon v. Warner Communications*, 435 U.S. 589, 598 (1978). With respect to some of these individuals, criminal investigations may be ongoing and the disclosure of investigative materials has the potential to jeopardize those investigations.

For the foregoing reasons and those articulated by the defendant in her motions to seal, the government concurs with the defendant's motions.

Respectfully submitted,

ANTOINETTE BACON
Supervisory Official
United States Department of Justice
Criminal Division

_____
ALEXANDER B. GOTTFRIED
DAHOUD ASKAR
Trial Attorneys

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the United States Department of Justice. A copy of this **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS TO SEAL EXHIBITS** was served upon counsel of record, via electronic mail.

**DATED** this 28th day of February, 2025

*/ s / Alexander Gottfried*
_____
ALEXANDER GOTTFRIED
Trial Attorney